UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

KENNETH GIBBS-EL,            )
                             )
            Plaintiff        )
                             )   CAUSE NO. 4:10-CV-063 RM
      vs.                    )
                             )
RUDY LOZANO,                 )
                             )
            Defendant        )

OPINION AND ORDER

Kenneth Gibbs-El, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 against U.S. District Judge Rudy Lozano.[1] (DE 1.) The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, doesn't state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). A court deciding whether the complaint states a claim must bear

---

[1] Mr. Gibbs-El erroneously refers to the Judge at numerous points in the complaint as "Judy" Lozano. (*See* DE 1 at 3, 4.)

1

in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Gibbs-El's handwritten complaint is in places incomprehensible, but he appears to claim that Judge Lozano engaged in "unauthorized use" of his name when he issued an order in a case Mr. Gibbs-El brought last year. *See Gibbs-El v. Hegewald, et al.*, 4:09-CV-096-RL (N.D. Ind. filed Dec. 28, 2009). Mr. Gibbs-El's concern appears to be that Judge Lozano listed his name in all capital letters in the caption of the order. He asserts:

> [Y]ou Judge Rudy Lozano, were informed that at all times relevant Plaintiff citizen-in-party appellation (i.e. name) is Kenneth Willis Gibbs-EL and no other, any other, such as all in capitals, or abbreviated or initials, will be defined as libel, slander, by district court of the United States of America. For you Rudy Lozano, Judge, UNAUTHORIZED USE of Trade-name, KENNETH W. GIBBS-EL, in the sum certain amount of $500,000.00 for each trade-name used, per each occurrence of use (violation/infringement) plus triple damages, plus costs.

(DE 1 at 2.) Mr. Gibbs-El further asserts that if Judge Lozano doesn't "rebut point-for-point" the allegations in his complaint and an attached affidavit, he shall be "deemed in default and all of [Judge] Lozano user's property and interest in property pledged as collateral by [Judge] Lozano user, immediately becomes property of Kenneth Willis Gibbs-EL secured party." (DE 1 at 3.)

The complaint is beyond frivolous. Judge Lozano is entitled to complete judicial immunity and cannot be sued in connection with his issuance of a court order. Stump v. Sparkman, 435 U.S. 349 (1978).

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: July  26 , 2010.

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: K. Gibbs-EL